UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN DANIEL GUZMAN COLQUE
(A-Number: 221-220-525),

        Petitioner,

    v.

WARDEN, California City Detention
Center, et al.,

        Respondents.

No.  1:26-cv-03281-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Juan Daniel Guzman Colque is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Doc. 1.  Petitioner challenges his re-detention and raises a due process claim that this Court has previously addressed.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's

1

prior orders and that would justify denying the petition. Doc. 4. Respondents state that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the [Court's] Order."[1] Doc. 5 at 1. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–2.[2]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas

---

[1] Respondents allege that petitioner violated terms of the "Alternatives to Detention" monitoring program in which he was enrolled, because of two "tracker missed callbacks" and one "home visit failed" in the year prior to his re-detention   Doc. 5; Doc. 5-1 at 2. But after the alleged violations, petitioner reported for at least one scheduled check-in at an ICE office. *See* Doc. 5-1 at 2. While the alleged violations might be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to a such determination. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation, rather than a pre-deprivation, hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents do not identify any urgent concerns that would warrant a post-deprivation, rather than pre-deprivation, hearing in this case.

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 5 at 2. But here immigration officials did previously apprehend petitioner, and they released him after implicitly determining that he did not pose a flight risk or a danger. The issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

corpus is GRANTED as to petitioner's due process claim, for the reasons addressed in those prior orders.[3]

Respondents are ORDERED to release petitioner Juan Daniel Guzman Colque (A-Number: 221-220-525) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   May 7, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on petitioner's due process claim.

3